MICHAEL J. STEINER (State Bar No. 112079)
mjs@severson.com
MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
JOSHUA E. WHITEHAIR (State Bar No. 244900)
jew@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendant
WELLS FARGO & COMPANY
improperly sued herein as "d/b/a WELLS FARGO HOME MORTGAGE"

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| D. STEVEN BLAKE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO & COMPANY, d/b/a WELLS FARGO HOME MORTGAGE,<br><br>Defendants. | Case No.:  2:08-CV-02169-WBS<br><br>**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL** |

1.     Plaintiff D. Steven Blake ("Blake") filed this action on behalf of a putative nationwide class against Wells Fargo & Company[1] ("Wells Fargo") asserting claims related to an aspect of Wells Fargo's flood hazard insurance policies and practices.  Blake contends that with respect to residential loans secured by real property located in designated flood hazard zones, for which Wells Fargo requires borrowers to maintain flood hazard insurance, it should not require coverage in excess of the principal balance of the loan.

---

[1]     Also improperly sued herein as "d/b/a Wells Fargo Home Mortgage"

- 1 -

2. Wells Fargo filed an answer denying Blake's contentions. Among other things, Wells Fargo contends that (1) the deeds of trust authorize it to require flood insurance coverage in the amount of the replacement cost of the structure; and (2) its flood insurance coverage requirement is consistent with state law (Cal. Civ. Code §2955.5 ), and Federal policy on flood insurance requirements for National Banks. ("A sound flood insurance risk management approach follows the insurance industry practice of insuring buildings to full RCV [Replacement Cost Value]," FEMA, National Flood Insurance Program, Mandatory Purchase of Flood Insurance Guidelines, p. 27 (Sept. 2007))

3. To facilitate settlement discussions, Wells Fargo provided Blake the National Flood Insurance Program Guidelines, FEMA's National Flood Insurance Summaries of Coverage, the National Flood Program's Standard Flood Insurance Policy, and Fannie Mae and Freddie Mac's guidelines to servicers requiring flood insurance. Wells Fargo contends that these sources confirm that unless flood hazard insurance coverage is maintained at either 80% of the amount of replacement value of the building, or $250,000 (the maximum coverage available), the insurer will not pay full replacement cost in the event of a loss. Rather, the insurer would pay a lesser amount based on the depreciated value of the property. Therefore, Wells Fargo contends that it had and has a legitimate economic interest in requiring coverage equal to replacement cost (up to $250,000) as opposed to coverage equal to the principal balance of the loan, as Blake proposed. In addition, Wells Fargo provided Blake case law finding that there is no requirement that flood hazard insurance coverage be limited to the principal balance of the loan.

4. Following further discussions, Blake and Wells Fargo reached a proposed settlement of Blake's individual claims. Without admitting liability and in exchange for a general release of all of Blake's individual claims, Wells Fargo agrees to pay Blake the sum of $25,000. In addition, Wells Fargo will set Blake's flood hazard insurance coverage at $150,000 for the remainder of Blake's loan.

5. The Parties reached this settlement after independently considering a number of factors, including the strength of Blake's case on the merits as well as the complexity, length and expense of further litigation.

6. Accordingly, and pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Blake and Wells Fargo, by and through their counsel of record, hereby agree and stipulate that this action shall be dismissed with prejudice as to Blake's individual claims against Wells Fargo, and without prejudice as to the claims of the putative, uncertified class against Wells Fargo.

7. Since no class has been certified, Rule 23(e) does not limit the right of Blake and Wells Fargo to stipulate to a dismissal of this putative class action.  Further, Rule 23(e), as amended, does not require notice to the putative class as the settlement and dismisal does not bind the putative class members in any way nor preclude their claims, if any.

8. Still, even assuming that Rule 23 applies in this instance, the Parties submit that the Court should approve the dismissal based on the following factors outlined in *Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989):

   a. <u>No Know Reliance By Absent Putative Class Members</u>.  It is highly unlikely that putative class members were aware of this action.  There has been no publicity regarding this matter, no notice has been provided to the class, and no putative class members have filed any other action asserting similar claims, or contacted any of the Parties regarding this case, and/or sought to intervene.  Thus, putative class members cannot be said to have relied on the filing of the present action to assert or protect their claims.

   b. <u>Statute of Limitations</u>.  The statute of limitations has been tolled since the suit was filed. *See American Pine and Construction v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).  Thus, putative class members still have time to file suit if they so choose.

   c. <u>No Concession Of Any Class Interests</u>.  Neither concession nor settlement of class claims is being made.  The proposed settlement is only with regard to Blake's claims against Wells Fargo.  No rights or claims of the putative class members are surrendered or otherwise compromised

9. WHEREFORE, the Parties respectfully request and stipulate to the approval of the settlement and dismissal without notice to the putative class.

IT IS SO STIPULATED.

| | | |
|---|---|---|
| 1 | DATED:  October 27, 2009 | KERSHAW CUTTER & RATINOFF, LLP |
| 2 | | By:      /s/ C. Brooks Cutter             |
| | | C. Brooks Cutter |
| 3 | | |
| | | Attorneys for Plaintiff |
| 4 | | D. STEVEN BLAKE |
| 5 | DATED:  October 27, 2009 | SEVERSON & WERSON |
| | | A Professional Corporation |
| 6 | | |
| | | By:      /s/ Michael J. Steiner             |
| 7 | | Michael J. Steiner |
| 8 | | Attorneys for Defendant |
| | | WELLS FARGO & COMPANY improperly sued |
| 9 | | herein as WELLS FARGO HOME MORTGAGE |

## ORDER

Pursuant to the Stipulation of the Parties, and good cause appearing, this action is hereby dismissed with prejudice as to Plaintiff's individual claims against Wells Fargo and dismissed without prejudice as to the claims of the putative, uncertified class against Wells Fargo.

IT IS SO ORDERED.

DATED:   October 28, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE